**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAVIER HERNANDEZ,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-01477-DH** |
| | § | |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** *Defendant* | § | |

# ORDER

Before the Court is Plaintiff Javier Hernandez's appeal of the Social Security Administration's ("SSA") denial of his application for social security disability benefits. Dkt. 7-6. Having reviewed the filings and relevant case law, the Court affirms the decision of the Commissioner of the SSA.

## I. BACKGROUND

Hernandez filed an application for disability insurance benefits under Title II of the Social Security Act. Dkt. 7-6, at 75. The SSA denied Hernandez's application initially and on reconsideration. Dkt. 7-3, at 2, 11. An Administrative Law Judge ("ALJ") issued Hernandez an unfavorable decision after holding an administrative hearing, and the Appeals Council ("AC") denied Hernandez's request for review. Dkt. 7-2, at 2-5, 18-30.

At the administrative hearing, the ALJ reviewed Hernandez's application using the five-step sequential analysis established by the SSA. Dkt. 7-2, at 19; 20 C.F.R. § 404.1520. In step one of the evaluation process, the ALJ determined that Hernandez was not engaged in Substantial Gainful Employment ("SGE") during the

relevant period. Dkt. 7-2, at 20. In step two, the ALJ determined that Hernandez had the following combination of medically determinable impairments that is severe: degenerative disc disease, degenerative joint disease of the knee, hypertension, obesity, major depressive disorder, and post-traumatic stress disorder. *Id*. In step three, the ALJ determined that the severity of Hernandez's impairments does not match or equal the impairment criteria in 20 C.F.R. pt. 404, Subpart P, Appendix 1. *Id*. at 21-22. In step five, the ALJ determined that the Hernandez had the residual functioning capacity ("RFC") to perform light work. *Id*. at 23. In particular, the ALJ determined that Hernandez's symptoms could be caused by his medical impairments, but their intensity, persistence, and limiting effects are not substantiated by medical evidence. *Id*. at 24.

After the AC denied Hernandez's appeal of the ALJ's decision, Hernandez filed this lawsuit. Dkts. 1; 7-6, at 77. In this appeal, Hernandez argues that the ALJ's RFC finding was erroneous because it is unsupported by any medical source of record and is not otherwise supported by substantial evidence. Dkt. 9, at 4-11. The SSA responds that the ALJ's RFC decision is supported by substantial evidence and is consistent with the medical evidence the ALJ found persuasive. Dkt. 13, at 3-8. Hernandez did not file any reply in support of his appeal.

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the SSA uses a five-step analysis:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017).

A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the SSA to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the SSA "fulfills [its] burden of pointing out potential alternative employment, the burden ... shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

Congress has limited judicial review of the SSA's final decision under the Social Security Act to two inquiries: (1) whether substantial evidence supports the SSA's decision; and (2) whether the SSA correctly applied the relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial

evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the SSA. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the SSA's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *Selders*, 914 F.2d at 617 ("If the ... findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g). A finding of no substantial evidence will only be made where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

## III. ANALYSIS

Hernandez challenges whether the ALJ's RFC determination was supported by any medical source or otherwise supported by substantial evidence. Dkt. 9, at 4-11. When determining RFC, the ALJ uses a two-part test. First, the ALJ must ask whether there is an underlying medically determinable physical or mental

impairment(s) that can be shown by medically acceptable diagnostic methods that could reasonably be expected to produce the claimant's symptoms. Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017). Then the ALJ must ask whether the claimant's symptoms are intense, persistent, and limiting enough to limit the claimant's work. *Id*. When statements are not substantiated by objective medical evidence, the ALJ must consider other evidence in the record to determine if the symptoms limit the claimant's ability to work. *Id*.

**A. The ALJ properly evaluated Dr. Rivers's opinion.**

Hernandez first argues that there "is no medical source opinion or record that supports the ALJ's RFC finding," insisting that ALJ should have placed greater weight on Dr. Rivers's opinion and failed to explain her failure to do so. Dkt. 9, at 5-6. The Commissioner responds that the ALJ need not adopt a medical opinion to support an RFC finding with substantial evidence and properly explained why she did not fully credit Dr. Rivers's conclusions. Dkt. 13, at 5-7.

Hernandez claims that the ALJ must give more weight to Dr. Rivers's opinions because Dr. Rivers is a licensed psychologist, yet an ALJ need not assign particular evidentiary weight to any medical opinion or prior medical administrative decision. Dkt. 7-6, at 79; 20 C.F.R. § 404.1520c. While Hernandez is correct that an ALJ should not "attempt to stand in the shoes [of a] physician," it is the ALJ's job to weigh the available evidence and decide what is persuasive. Dkt. 9, at 5 (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)); *Taylor v. Astrue*, 706 F.3d 600, 603 (5th

Cir. 2012). Hernandez contends that the ALJ's decision does not provide any persuasive evidence that contradicts Dr. Rivers's medical opinion, but as explained below, the ALJ explained how evidence from Dr. Rivers's evaluation is contrary to Dr. Rivers's findings. Dkts. 7-2, at 27; 9, at 8. Moreover, "[t]he ALJ was not required to base [the claimant]'s RFC on any particular medical opinion." *Thompson v. Soc. Sec. Admin.*, No. 23-30702, 2024 WL 1886757, at *2 (5th Cir. Apr. 30, 2024); *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) ("Although [plaintiff] is correct that the ALJ did not adopt a specific physician's assessment, there is no requirement that an ALJ do so. Instead, it 'is the responsibility of the ALJ to interpret the medical evidence to determine [a claimant's] capacity for work.'" (quoting *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016))). It is thus not reversible error that the ALJ did not credit Dr. Rivers's conclusions where they were inconsistent with the results of Dr. Rivers's examination.

Hernandez's claim that the ALJ did not explain her reasoning is not meritorious either. The ALJ specifically points to the inconsistencies in Dr. Rivers's conclusions where Dr. Rivers stated contradictory propositions. Dkt. 7-2, at 27. The ALJ noted that Dr. Rivers concluded that Hernandez exhibited "poor abilities to concentrate, persist, or maintain pace, and to adapt or manage himself" but added that he showed "adequate attention and concentration, and average/fair insight and judgment." *Id.* The ALJ also referenced Dr. Rivers's statements that Hernandez "had logical/goal-directed thoughts, and a euthymic mood," "was alert/oriented … answered questions appropriately, and … had appropriate insight and thoughts." *Id.*

The ALJ was justified in deciding not to credit Dr. Rivers's conclusions that were inconsistent with the evidence provided by her report. *Griego v. Sullivan,* 940 F.2d 942, 945 (5th Cir. 1991) (noting that it is "within the discretion of the ALJ to determine the credibility of the various medical reports in the record"). As to Hernandez's claim that the ALJ did not describe whether she agreed with the remainder of Dr. Rivers's findings, the SSA points out that the remainder of Dr. Rivers's opinion is consistent with the ALJ's RFC determination. Dkt. 7-2, at 23-24. Moreover, "[t]hat the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence." *Castillo v. Barnhart*, 151 F. App'x 334, 2005 WL 2675002, at *1 (5th Cir. 2005).

**B. The ALJ's finding that Hernandez could perform the walking and standing needed for light work was supported by substantial evidence.**

The ALJ's RFC finding that Hernandez can perform the walking and standing required for light work is also supported by substantial evidence. Hernandez cites *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), for the proposition that an ALJ must not substitute their own opinions for medical evidence. Dkt. 7-6, at 79-80. The present case is distinguishable from *Ripley*, where the record established the claimant's symptoms, but not the effects of those symptoms. 67 F.3d at 557 ("The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work.").

Here, in contrast, the record reveals not only the medical opinions on Hernandez's symptoms but also the effects that those symptoms have on Hernandez's ability to perform the types of tasks required of him in a work setting. Dkt. 7-2 at 24-26. The ALJ considered Hernandez's range of motion, strength, ambulation, coordination, muscle tone, posture, and cardiac and respiratory function, as well as evidence of Hernandez's daily activities, including cleaning, shopping, cooking, washing dishes, and washing laundry. Dkts. 7-2, at 25; 7-6, at 14-29. The ALJ also considered Hernandez's daily activities, including prior participation in coaching softball. Dkt. 7-2, at 25. The ALJ found that these activities showed Hernandez's ability to perform the lifting, carrying, walking, standing, and other physical requirements of light work based on the types of movements necessary to perform those activities. *Id.* at 23-25.

The ALJ's thorough assessment of the record reveals that her RFC determination was supported by substantial evidence. *See* Dkt. 7-2, at 23-27. Moreover, "the ALJ is only required to provide an 'accurate and logical bridge' within his RFC explanation," and Hernandez's "disagreement with the ALJ's RFC does not carry his burden of establishing that no substantial evidence supports the ALJ's determination." *Ballidis v. Kijakazi*, No. 4:21-CV-403-ALM-KPJ, 2023 WL 2472632, at *4 (E.D. Tex. Feb. 21, 2023), *R. & R. adopted*, No. 4:21-CV-403-ALM-KPJ, 2023 WL 2465581 (E.D. Tex. Mar. 10, 2023); *Gray v. Saul*, No. 7:20-CV-00015-O-BP, 2021 WL 1522452, at *4 (N.D. Tex. Feb. 3, 2021), *R. & R. adopted*, No. 7:20-CV-00015-O-

BP, 2021 WL 1185870 (N.D. Tex. Mar. 30, 2021). The Court thus rejects Hernandez's assertion that ALJ's RFC determination was not supported by substantial evidence.

## IV. CONCLUSION

In accordance with the foregoing discussion, the Court **AFFIRMS** the decision of the Commissioner of the SSA. Hernandez's appeal is **DISMISSED WITH PREJUDICE**.

Final judgment will issue by separate order.

**SIGNED** July 29, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE